IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

RICARDO ALBA FUENTES                                              PETITIONER
ADC # 153525

V.                      CASE NO. 5:16-CV-00097-JLH-JTK

WENDY KELLEY, Director
Arkansas Department of Correction                                  RESPONDENT

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

For the reasons explained below, it is recommended Petitioner's Petition for Writ of Habeas Corpus (DE # 2) be DISMISSED with prejudice.

## Procedural History

Petitioner was found guilty in 2012 by a Pulaski County jury of simultaneous possession of drugs and firearms, trafficking controlled substances, possession of methamphetamine with purpose to deliver, possession of drug paraphernalia, maintaining a drug premise, and possession of firearms by certain persons. *Fuentes v. State*, 2013 Ark. App. 736. He was sentenced to thirty (30) years in the Arkansas Department of Correction. (DE # 11-2) On July 5, 2013, Petitioner appealed his conviction to the Arkansas Court of Appeals. (DE # 11-3) He argued on appeal that the trial court erred in denying his motion to suppress evidence that was seized pursuant to a search warrant that was executed on his residence. *Id.* The Arkansas Court of Appeals affirmed

Petitioner's convictions, and he did not petition the Arkansas Supreme Court for review of the decision. (DE # 11-6)

On January 29, 2014, the Petitioner filed a petition for post-conviction relief in Pulaski County Circuit Court pursuant to Arkansas Rules of Criminal Procedure 37.1. (DE # 11-7) Petitioner argued ineffective assistance of counsel based on three grounds: (1) counsel was ineffective for failing to develop and present an affirmative defense; (2) counsel was defective for failing to secure witnesses for trial; and (3) counsel failed to argue the issue of illegal search and seizure based on lack of probable cause and gain a ruling, thus failing to preserve the issue for appeal. (DE # 11-7) The circuit court found that the files and records of the case showed that Petitioner was not entitled to relief. (DE # 11-8) Petitioner did not appeal the denial of his Rule 37 petition. On December 23, 2015, petitioner filed a state habeas petition in Pulaski County Circuit Court pursuant to Ark. Code Ann. § 16-112-201, et seq., stating that he "has available scientific evidence to show actual innocence" and that "the [t]rial [c]ourt lacked the scientific predicate for the claim [that] could not have been previously discovered through the exercise of due diligence and the facts underlying the claim." (DE # 11-9) The circuit court denied the petition, stating that, it did not have jurisdiction to issue a writ of habeas corpus for a person not in custody within its jurisdiction. (DE # 11-10)

On March 28, 2016, Petitioner filed a petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254, claiming that: (1) his conviction is based upon evidence gained pursuant to an unconstitutional search and seizure; (2) his conviction was obtained through use of evidence obtained pursuant to an unlawful arrest; (3) his conviction was obtained by the unconstitutional failure of the prosecution to disclose favorable evidence; and (4) the failure of the state to set forth the reliability of the "reliable cooperating individual." (DE # 2) On May 3, 2016,

the Respondent filed her Response to Petition for Writ of Habeas Corpus. (DE # 11) Respondent admits Petitioner is in her custody and there are no non-futile state remedies available to him. Respondent denies, however, that Petitioner is entitled to habeas relief. Instead, Respondent argues that Petitioner's claims collectively concern a violation of his Fourth Amendment rights and are barred from federal habeas review. *Id.*

## Discussion

The claims for relief in Petitioner's petition all center around the assertion that the evidence used in circuit court to obtain a conviction was the result of an unconstitutional search and seizure. Furthermore, Petitioner attacks the validity of the search warrant that authorized the search of Petitioner's home. However, it has long been settled that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial." *Stone v. Powell*, 428 U.S. 465, 482 (1976). The Eighth Circuit Court of Appeals has stated:

> It is the existence of state processes allowing an opportunity for full and fair litigation of fourth amendment claims, rather than a defendant's use of those processes, that bars federal habeas corpus consideration of claims under *Stone*. "[I]f state procedures afford the defendant in a criminal case the opportunity to [fully and fairly] litigate whether evidence obtained in violation of the fourth amendment should be excluded . . . then *Stone v. Powell* precludes federal habeas corpus consideration of those issues whether or not the defendant avails himself of that opportunity."

*Lenza v. Wyrick*, 665 F.2d 804, 808 (8th Cir. 1981). Moreover, "[t]he *Stone* bar applies despite a state court's error in deciding the merits of a defendant's fourth amendment claim." *Id.* "To show that he was not afforded an opportunity for full and fair litigation of his claim, [a petitioner] would have to show that the State 'provided no corrective procedures at all to address the alleged Fourth Amendment violation' or that the State 'provided a corrective mechanism, but [he] was precluded

4

from using that mechanism because of an unconscionable breakdown in the underlying process.'" *Chavez v. Weber*, 497 F.3d 797, 802 (8th Cir. 2007), quoting *Willett v. Lockhart*, 37 F.3d 1265, 1271-72 (8th Cir. 1994) (*en banc*) (adopting test set forth in *Capellan v. Riley*, 975 F. 2d 67, 71 (2nd Cir. 1992)).

In the present case, Petitioner availed himself of the State court procedures to litigate his Fourth Amendment claims. He does not assert that any part of those procedures was unfair. He merely disagrees with the outcome, which this Court cannot review in this case.

While it is clear from the petition that all of Petitioner's claims stem from his attacks on the validity of the search warrant, Petitioner does frame his third argument as a *Brady* claim. Therefore, the Court will address his claim under *Brady v. Maryland*, 373 U.S. 83 (1963). Petitioner asserts that the state withheld favorable evidence, but within the facts supporting his claim, he does not set forth what "favorable" evidence was withheld. As best as the Court can tell, Petitioner asserts that: (1) he was supplied no fingerprints from the firearms or narcotics; (2) he had no knowledge of the evidence or witnesses at trial; (3) there was no audio or video of "controlled buys;" (4) there was no incoming/outgoing traffic or packages at his residence; and (5) there were "no dealings just hearsay confession of 'David' Armando to another 'C.I.' about where he supposedly received narcotics from and also inconsistent issuance and money found [in] description and quantity amount." (DE # 2 pg. 5) Under *Brady*, the United States Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith or the prosecution." 373 U.S. at 87. Petitioner has not set forth any favorable evidence that the state suppressed from him or his trial attorney, but instead, appears to

be arguing that there wasn't sufficient evidence to support a conviction. Therefore, the Petitioner has not set forth a *Brady* violation.

In conclusion, Petitioner's claims are barred from federal habeas review. Accordingly, this Court recommends that the District Court deny and dismiss the habeas petition (DE # 2) with prejudice. It is further recommended that the District Court not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).

IT IS SO ORDERED this 14th day of December, 2017.

_____
UNITED STATES MAGISTRATE JUDGE